COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-036-CR
 
SOAN TIEN DINH           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Soan Tien Dinh appeals his
conviction for possession of methamphetamine with intent to deliver. In one
point, appellant complains that the trial court erred in denying his motion to
suppress because the evidence was illegally seized. We will affirm.
The Texas Court of Criminal Appeals
has provided the standards of review to be applied in reviewing a trial court's
denial of a motion to suppress evidence. Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997); Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). We must afford almost total deference to the trial
court's determination of the historical facts that the record supports when the
trial court's findings are based on an evaluation of credibility and demeanor. Guzman,
955 S.W.2d at 89. Likewise, we are to utilize the same deference in reviewing
the trial court's rulings on mixed questions of law and fact when the resolution
of the question turns on an evaluation of credibility and demeanor. Id.
Where, as here, the trial court did not make explicit findings of fact, the
evidence is reviewed in the light most favorable to the trial court's ruling. Carmouche
v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).
Appellant does not challenge the
initial stop of his vehicle, but contends that after Deputy Kendall Novack had
concluded his investigation of the traffic violation, he continued to detain
appellant in order to conduct a canine search for narcotics. Appellant argues
that under McQuarters v. State, this continued detention was
unreasonable because Deputy Novack did not have reasonable suspicion to believe
appellant possessed a controlled substance. 58 S.W.3d 250, 257 (Tex. App.--Fort
Worth 2001, pet. ref'd).
In McQuarters, the officer
stopped a motorist for traffic violations and suspected driving while
intoxicated. Id. at 253. After satisfying himself that the motorist was
not intoxicated and issuing warnings for the traffic offenses, the officer asked
for consent to search the vehicle. Id. at 253-54. When the motorist
denied consent, the officer conducted an olfactory search with his narcotics
search dog. Id. at 254. We held that, because the officer had concluded
the purpose of his initial stop when he issued the traffic warnings, it was
unreasonable for the officer to continue his detention in order to conduct a
canine search. Id. at 257. To prolong a traffic stop for a canine sweep
for drugs, police must have a reasonable suspicion that drugs are present. Id.
The reasonableness of the detention must be examined in terms of the totality of
the circumstances and will be justified when the detaining officer has specific
articulable facts, which, taken together with rational inferences from those
facts, lead him to conclude that the person detained actually is, has been, or
soon will be engaged in criminal activity. Balentine v. State, 71
S.W.3d 763, 768 (Tex. Crim. App. 2002).
The present case differs from McQuarters
in two important respects. First, the record in this case does not indicate
that Deputy Novack had concluded the purpose of his initial traffic stop prior
to conducting the olfactory search. There is no evidence that Deputy Novack had
completed a warrant check on appellant or issued a traffic citation or warning
at the time he performed the search. Therefore, because Deputy Novack had not
concluded the purpose of the initial traffic stop at the time he performed the
canine sweep, it is unclear whether he was actually required to establish
reasonable suspicion before utilizing his canine. See Walter v. State,
28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (holding that it is unclear whether a
canine sniff alone constitutes a detention or whether calling in a canine unit
requires reasonable suspicion). The trial court could have reasonably concluded
that appellant's legal detention was not prolonged by the canine sniff.
Second, unlike the officer in McQuarters,
Deputy Novack had reasonable suspicion to believe that appellant was in
possession of contraband. Deputy Novack testified that when he initiated the
traffic stop of appellant's vehicle, appellant pulled into a parking lot.  As
appellant turned into the lot, Deputy Novack saw him take something from the
passenger's seat and place it under the driver's seat. When Deputy Novack
approached appellant and asked for identification, appellant immediately denied
ownership of the vehicle and stated that he did not have any identification. He
described appellant as being nervous and agitated and stated that appellant's
hands were shaking violently. Deputy Novack then asked appellant to step out of
the vehicle, patted him down, and asked for consent to search the vehicle.
Appellant refused consent and, again, stated that the vehicle was not his and
that he was not responsible for its contents. At this point, Deputy Novack
performed the olfactory search.
We conclude that appellant's
furtive movements combined with his extreme nervousness and denial of
responsibility for anything a search might reveal gave rise to reasonable
suspicion that he had contraband in the vehicle. Therefore, we overrule
appellant's sole point and affirm the trial court's judgment.
                                                                       
JOHN CAYCE
                                                                       
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON
and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
[Delivered March 13, 2003]

1. See Tex. R. App. P. 47.4.